Russell Brown
CHAPTER 13 TRUSTEE
Suite 800
3838 North Central Avenue
Phoenix, Arizona 85012-1965
602.277.8996
Fax 602.253.8346

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>SAM DALE RICHARDSON,<br><br>Debtor. | Chapter 13<br><br>Case No. 2-14-bk-14353 DPC<br><br>**TRUSTEE'S RECOMMENDATION**<br><br>(4/8/15) |

The Trustee has reviewed the Plan, Schedules, and Statement of Financial Affairs. Trustee notes the following problems, which must be resolved before recommending confirmation of the Plan:

(1) Debtor must bring plan payments current and remain current.

(2) Attorney fees to be paid to counsel are inconsistent. Counsel's disclosure statement says counsel was paid $1,750.00 with $2,000.00 owed. The Statement of Financial Affairs # 9 fails to disclose fees paid. The Plan states that no money has been paid with none to be paid. Counsel is to disclose to the Trustee which is accurate.

(3) Debtor must file an amended Statement of Financial Affairs # 1, 3 (?), and 16.

(4) Trustee retains an objection to the direct payment of personal property claims of Ally Financial and Ford Motor Credit Company.

(5) The objections of Deer Valley Credit Union and Ford Motor Credit must be resolved before recommending confirmation.

(6) Other requirements:

(a) Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee. Also, when counsel provides a proposed order confirming plan to the Trustee, counsel must file or create a notice on the Court docket. L.R.B.P. 2084-13(b).

(b) Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

(c) The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

(d) The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

(e) To expedite the order review process, counsel must use the recommended form for the order confirming plan found at www.chapter13.info.

(f) The order confirming plan **must** be accompanied by a cover letter that goes over the Trustee's Recommendation items by each paragraph. If counsel fails to use the order form and provide such letter, the Trustee will reject the proposed order outright and the time to comply with the Recommendation is not extended.

(g) Any order confirming plan to provide that the Debtors will give the Trustee a copy of the 2014 - 2017 federal and state income tax returns, including all attachments, forms, schedules and statements, within fifteen days of filing them.

- 2 -

(h) Nothing in the Plan or Order Confirming Plan is to alter counsel's obligation to represent the Debtors. Counsel is to represent the Debtor(s) in all matters regardless of the fee agreement until the Court issues an order permitting counsel to withdraw or the case is closed.

(i) According to Paragraph II.H.3. of the "Administrative Procedures for Electronically Filed Cases," as governed by Local Rule 5005-2(e), the Debtors' attorney is to retain the original signatures of all signatories to the Stipulated Order Confirming Plan (other than that of the Trustee). Pursuant to Local Rule 2084-13(c), the Trustee will upload the proposed Order Confirming a plan or granting a motion for a moratorium.

(j) The proposed order confirming plan, any responses to this recommendation, and documents submitted in response to this recommendation are to be submitted to the applicable case administrator in the Trustee's office.

SUMMARY: Pursuant to Local Rule 2084-10, by April 8, 2015, Debtors are to resolve all of the above issues in paragraphs (1) through (3) or the Trustee could lodge a dismissal order. If those issues are resolved, the Trustee will reevaluate the case and possibly file an updated Recommendation or work with Debtor to move on the current plan.

Copy mailed or emailed to:

SAM DALE RICHARDSON
10117 WEST MARISPOSA GRANDE
PEORIA, AZ 85383

JAMES R. ANDREWS
ANDREWS LAW PLC
3190 S. GILBERT RD., STE. 5
CHANDLER, AZ 85286
james@andrewslawplc.com