Scott Lieske, Esq. #016250
Craig Friedrichs #029995
3838 N. Central Ave., Ste. 800
Phoenix, Arizona 85012
(602) 277-8996
(602) 253-8346, facsimile
Attorneys for Russell Brown, Chapter 13 Trustee

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>SAM DALE RICHARDSON<br><br>Debtor. | In Proceedings Under Chapter 13<br><br>Case No. 2-14-bk-14353-DPC<br><br>**TRUSTEE'S EXPEDITED MOTION TO DISMISS** |

Russell Brown, Chapter 13 Trustee, by and through counsel undersigned, hereby moves this Court for an Order dismissing this case.

1. Debtor filed for Chapter 13 relief on September 18, 2014.

2. On March 27, 2015, Trustee issued his Recommendation (docket #70) requiring Debtor to become current on delinquent plan payments and requiring resolution of confirmation objections. The deadline to comply with the Trustee's requirements was April 8, 2015.

3. On April 6, 2015, Debtor filed a Notice of Dismissal of Chapter 13 Bankruptcy (docket #71), exercising his voluntary right of dismissal under § 1307(b). Debtor did not lodge an order with the Court or file a motion to dismiss his case.

4. On April 22, 2015, Creditor Deer Valley Credit Union ("Creditor") lodged an order to dismiss the case (docket #76) in an attempt to correct Debtor's procedural error. Trustee informed Creditor that the lodging of an order dismissing the case, based on Debtor's notice, would not likely be effective and Creditor withdrew the order on April 30, 2015 (docket #77).

5. On May 19, 2015, undersigned counsel spoke with Debtor's current counsel of record in this case requesting that he file his voluntary motion to dismiss and lodge the accompanying order to fix the procedural errors dismissing the case. Debtor's counsel assured undersigned counsel that he would do so this week. Undersigned counsel sent a reminder on May 21, 2015 to file the appropriate documents.

6. On May 21, 2015, Debtor inexplicably filed various amendments to schedules. Debtor's counsel has not filed the motion to dismiss nor has he lodged the appropriate order dismissing the case.

7. Based on the docket in the last month, it appears that all parties agree that the bankruptcy case should be dismissed. In addition, Debtor's inaction suggests that he does not intend to prosecute his case. He has not made a plan payment to the Trustee since December 2014, he has not complied with any of the Trustee recommendations and he attempted, albeit unsuccessfully, to dismiss his own case. Section 1307(b) provides that upon the "request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court *shall* dismiss a case under this chapter" (emphasis added). Further delay is not in the best interests of any of the parties involved.

WHEREFORE, the Trustee respectfully requests that the Court sign the accompanying order dismissing the Debtor's case.

    Scott Lieske, Esq. ABN 16250
    Craig Friedrichs, Esq. ABN 029995
    Staff Attorneys for Chapter 13 Trustee
    slieske@ch13bk.com
    Cfriedrichs@ch13bk.com

/./././

| | |
|---|---|
| 1 | |
| 2 | Copy of the foregoing mailed or emailed to the following parties on the date of the electronic signature affixed hereto: |
| 3 | Chris B. Ford<br>LAW OFFICE OF CHRIS FORD |
| 4 | 125 Coronado Road<br>Phoenix, AZ 85004 |
| 5 | cfordlaw@mac.com |
| 6 | Sonia Blain<br>GUST ROSENFELD |
| 7 | One East Washington, Suite 1600<br>Phoenix, AZ 85004 |
| 8 | sblain@gustlaw.com |
| 9 | |
| 10 | |
| 11 | _____<br>Dawn M. Smith |
| 12 | dsmith@ch13bk.com |
| 13 | |
| ... | |
| 28 | |